Piekarski & Brelsford, P.C.
2633 E Indian School Rd., Ste. 460
Phoenix, AZ 85016
Phone: (602) 956-1161
Email: chris@pb-lawfirm.com
Fax: (602) 956-1161
Christopher J. Piekarski, AB# 019251
Nathan J. Brelsford, AB# 024853
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Ramirez, a married woman<br><br>        Plaintiff,<br>vs.<br><br>Arizona State Treasurer, an agency of the State of Arizona.<br><br>        Defendant. | Case No.:<br><br>**Complaint**<br><br>(Unpaid Overtime) |

Plaintiff, Julie Ramirez, by and through her undersigned counsel, submits the following claims:

**I.**

**Parties Jurisdiction and Venue**

1. Plaintiff Ramirez is a resident of Maricopa County, Arizona.

2. Defendant, the Arizona State Treasurer, is part of the Executive branch of the State of Arizona and is located in Phoenix, Arizona.

3. All relevant activities took place within the State of Arizona.

4. This Court has jurisdiction over this matter pursuant to 29 U.S.C. 201 et seq.

5. This action arises out of Defendant's violations of the Fair Labor Standards Acts, 29 U.S.C. 201 et seq..

6. Because the Defendant resides within the State of Arizona jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. § 1391.

## II.

## Factual Background

8. Plaintiff Julie Ramirez began her employment with the Defendant in April 2012 as a "Fiscal Services Specialist."

9. As a Fiscal Services Specialist, the Plaintiff's job duties were clerical in nature and consisted of distributing funds collected by the State of Arizona to the proper recipients.

10. While employed as a Fiscal Services Specialist, Plaintiff Ramirez was strictly prohibited from exercising independent decision making or discretion while performing her job duties.

11. While employed as a Fiscal Services Specialist, Plaintiff Ramirez was unable to hire, fire or otherwise discipline subordinate employees.

12. The Plaintiff was initially paid an annual salary of $28,000.00 that was subsequently increased to $34,999.

13. While employed as a Fiscal Services Specialist, Plaintiff Ramirez was paid on a salary basis for all hours that she worked including all hours worked in excess of forty per week.

14. While employed as a Fiscal Services Specialist, the Plaintiff began her workday at 8:15 am and typically ended her workday between 6:15 and 6:30 pm.

15. While employed by the Defendant, Plaintiff Ramirez typically worked between forty five and fifty hours per week.

16. Plaintiff Ramirez was never paid overtime for hours worked in excess of forty per week.

17. In addition, the Defendant did not implement a recordkeeping system to document the number of hours worked by the Plaintiff as defined by 9 CFR 516 et al.

### III.

### FLSA Coverage

18. At all times during her employment with the Defendant, Plaintiff Ramirez remained "non-exempt" under the "Fair Labor Standards Act', 29 U.S.C. 201 *et seq.,* (hereinafter "FLSA"*)* which mandated that she be paid one-and-one-half times her hourly rate for all hours worked over forty per week.

19. The Defendant is an enterprise engaged in interstate commerce as defined by 29 U.S.C. 206(a).

20. Upon information and belief, the Defendant has at least two employees and is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

21. As such, the Defendant is a "covered enterprise" as defined by 29 U.S.C. 203(s) of the Fair Labor Standards Act.

22. The Plaintiff, by and through her employment, was engaged in commerce and/or in the production of goods for commerce as defined by 29 U.S.C. 207(a)(1).

23. As such, the Plaintiff is a covered employee under the Fair Labor Standards Act and entitled to one and one half her hourly rate of pay for hours worked in excess of forty hours per week.

### IV.

### Unpaid Overtime

24. All of the preceding paragraphs are incorporated herein by reference.

25. While employed by the Defendant, Plaintiff Ramirez virtually always worked in excess of forty hours per week.

26. Because Plaintiff Ramirez remained a "non-exempt" employee while employed by the Defendant, she was entitled to overtime pay at the rate of one-

and-one-half times his hourly rate for all hours worked in excess of forty hours per week.

27. However, the Defendant never paid Plaintiff Ramirez her overtime rate of pay for hours worked in excess of forty hours per week

28. By the acts and conduct set forth above, the Defendant has violated the Fair Labor Standards Act, 29 U.S.C. 201 et al..

29. As a result of the Defendant's actions, Plaintiff Ramirez has suffered damages in an amount to be proven at trial.

30. Because Plaintiff Ramirez's claims can be liquidated, she is entitled to interest at the statutory rate.

## V.

## **WILLFULNESS**

31. All of the preceding paragraphs are incorporated herein by reference.

32. The Defendant was aware that the Plaintiff did not supervise two or more employees.

33. The Defendant was aware that Plaintiff Ramirez lacked the authority to hire and fire or otherwise discipline employees.

34. The Defendant was fully aware that Plaintiff Ramirez lacked the authority to exercise discretion or independent decision making while performing her job duties.

35. Because Plaintiff Ramirez lacked discretion and decision making abilities when performing his job duties, he did not qualify under any of the relevant exceptions to mandatory overtime pay as defined by Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

36. The Defendant was also aware that Plaintiff Ramirez virtually always worked more than forty hours per week.

37. The Defendant did not maintain a record keeping system for the Plaintiff to document the number of hours that she worked.

38. The Defendant either knew or recklessly disregarded its obligation to pay mandatory overtime as mandated by the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

39. Because the actions of the Defendant were willful and deliberate, the Plaintiff is entitled to all unpaid overtime pay due and owing him for the preceding three years.

**WHEREFORE,** Plaintiff Ramirez prays for judgment against the Defendant as follows:

1. For all unpaid overtime wages due and owing pursuant to the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* in an amount to be proven at trial;

2. For a finding that the Defendant's actions were "willful" as defined by 29 U.S.C. 201 *et seq* of the Fair Labor Standards Act and subject to a three year look back period.

3. For the Plaintiffs' reasonable attorney's fees and costs in bringing this matter; and

4. For such other relief as the Court may deem just and proper.

5. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

RESPECTFULLY submitted this 23rd day of June, 2017.

                Piekarski & Brelsford, P.C.
                2633 E. Indian School Rd. suite 460
                Phoenix, Arizona 85016

                By: /s/ Christopher J. Piekarski
                    Christopher J. Piekarski